# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **KAREN L. PHIPPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:22-CV-8 PLC |
| | ) |
| **SAFECO INSURANCE COMPANY OF ILLINOIS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Karen Phipps' motion to remand. [ECF No. 9] Defendant Safeco Insurance Company of Illinois opposes the motion. [ECF No. 10]

Plaintiff filed her petition in the Circuit Court of the City of St. Louis seeking monetary relief for injuries she sustained in a motor vehicle accident. [ECF No. 4] In her petition, Plaintiff alleges that an unidentified driver struck the car she was driving, causing her to suffer serious injuries to her head, spine, torso, arms, and legs. [Id. at ¶¶ 1-4] Plaintiff states that she had an automobile insurance policy with Defendant, the policy contained an uninsured motorist provision, and Defendant refused to pay the damages she incurred as a result of the accident. [Id. at ¶¶ 6-9] In regard to damages, Plaintiff claims that her medical bills totaled $7,000 and she "has been damaged in the sum of Seventy-Five Thousand ($75,000.00) Dollars and may have future damages in an amount yet to be determined[.]" [Id. at ¶¶ 5, 10]

Defendant removed the case to this Court on the basis of diversity jurisdiction, which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). [ECF No. 1] Without citation to supporting authority, Plaintiff moves to remand, stating that she "will not seek more than

1

Seventy-Five Thousand ($75,000.00) Dollars from [Defendant] and stipulates that she will limit any recovery to Seventy-Four Thousand Nine Hundred Ninety-Nine ($74,999.00) Dollars."[1] [ECF No. 9]  Defendant opposes the motion to remand on the ground that Plaintiff's pleading stating she will limit her recovery to $74,999.00 "is not verified by the plaintiff nor is there a Stipulation of Affidavit signed by" Plaintiff.  [ECF No. 10]

The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.  James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831(8th Cir. 2005).  "The district court has subject matter jurisdiction in a diversity case when a fact[-]finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages suffered that the plaintiff are greater than $75,000."  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

A court determines whether the amount-in-controversy required by Section 1332 is satisfied based on the record at the time of removal.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938).  See also St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 593–94 (8th Cir.2001).  "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."  Id. at 288.  After a case has been removed to federal court, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount.  Id. at 292-93.  This rule has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached."[2]  Hollis v. Roadrunner Transp. Servs., Inc., No. 4:12-CV-394

---

[1] Plaintiff does not dispute that complete diversity of citizenship exists in this matter.

[2] In contrast, "[w]here damages are not specified in a state court complaint, this [c]ourt and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending the original pleading." Levinson v. Cincinnati Ins. Co., No. 4:13-CV-1595 CAS, 2013 WL 5291772 (E.D. Mo. Sep. 19, 2013).  In such cases, plaintiffs may establish the amount in controversy to a

CAS, 2012 WL 3854484, at *1 (E.D. Mo. Sep. 5, 2012) (quoting Halsne v. Liberty Mut. Group, 40 F.Supp. 2d 1087, 1090, (N.D. Iowa 1999)). See also Thatcher v. Hanover Ins. Group. Inc., 659 F.3d 1212, 1214 (8th Cir. 2011) ("Under the St. Paul Mercury rule, in a diversity action a plaintiff may not merely amend his complaint after removal to claim damages below the jurisdictional amount and deprive the federal court of jurisdiction.").

Here, Plaintiff's petition expressly states a claim in excess of the jurisdictional amount. The petition filed in state court alleges that Plaintiff sustained $75,000 in damages and may have future damages. Thus, the Court finds that Defendant has shown by a preponderance of the evidence an amount in controversy exceeding $75,000, and that this Court has jurisdiction. See e.g., Knight v. Nationwide Ins. Co. of Am., No. 16-CV-1315-W-FJG, 2017 WL 2983046, at *3 (W.D. Mo. July 12, 2017); McLaughlin v. Sight, 4:16-CV-542 DGK, 2016 WL 4077237, at *3 (W.D. Mo. Aug. 1, 2016).

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand [ECF No. 9] is **DENIED**.

                                              PATRICIA L. COHEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2022

---

legal certainty by entering a binding stipulation that she will not seek or accept damages in excess of $75,000, exclusive of interest and costs. Willson v. Empire Fire & Marine Ins. Co., No. 4:20-CV-1234 HEA, 2021 WL 3709651, at *2 (E.D. Mo. Aug. 20, 2021); Mitchell v. Gov't Emps. Ins. Co., No. 4:19-CV-868 RWS, 2019 WL 1755854, at *1 (E.D. Mo. Apr. 19, 2019).